UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION<br><br>*This Document Relates to:*<br><br>BJ'S WHOLESALE CLUB, INC.,<br><br>    Plaintiffs,<br><br>-against-<br><br>KEURIG GREEN MOUNTAIN, INC.,<br><br>    Defendant.<br><br>AND<br><br>WINN-DIXIE STORES, INC.; and BI-LO HOLDING, LLC,<br><br>    against-<br><br>KEURIG GREEN MOUNTAIN, INC.,<br><br>    Defendant. | Case No. 1:14-md-02542-VSB<br>[Related Case Nos. 1:21-CV-7493, 1:21-CV-7504]<br><br>[PROPOSED] CONSOLIDATED AMENDED PRELIMINARY CASE MANAGEMENT PLAN AND SCHEDULING ORDER FOR BJ'S AND WINN DIXIE ACTIONS |

VERNON S. BRODERICK, United States District Judge:

    Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order:

1. The parties do not consent to conducting further proceedings before a United States Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c), except in accordance with the Order of Reference dated February 21, 2018, (ECF No. 419), which the parties agree shall apply to this matter as well.

2. This case is to be tried to a jury.

3. Without leave of the Court, additional parties must be joined no later than thirty (30) days before the close of fact discovery.

4. The parties stipulate that all parties are subject to the MDL Protective Order, (ECF No. 496). Keurig has requested that BJ's and Winn-Dixie/Bi-Lo ("Winn-Dixie") treat all documents produced by Keurig and designated as "Highly Confidential" as if they were designated "Outside Counsel Only." BJ's and Winn-Dixie agree to Keurig's request on the condition that should BJ's or Winn-Dixie seek to lower the confidentiality designation of certain documents or groups of documents, the parties will meet in good faith to resolve the issue. Keurig shall not unreasonably refuse to lower the confidentiality designation of such documents with respect to BJ's or Winn-Dixie. Paragraph 11 of the MDL Protective Order shall govern objections to the designation or treatment of Protected Material.

5. The parties stipulate that all parties are subject to the MDL ESI and TAR protocols (ECF Nos. 41 and 417-1), the Stipulation Regarding Non-Discoverability of Certain Expert Materials and Communications (ECF No. 495), and the Stipulated Order Pursuant to Federal Rule of Evidence 502(d) (ECF No. 571), and that all depositions previously taken in the MDL or its individual, related cases will be usable by parties to the matter *BJ's Wholesale Club, Inc. v. Keurig Green Mountain, Inc.* 21-CV-7493 (the "BJ's Action") or the matter of *Winn-Dixie Stores, Inc. v. Keurig Green Mountain, Inc.* 21-CV-7504 (the "Winn-Dixie Action") (each an "Action," and collectively, the "Actions"). BJ's and Winn-Dixie will treat documents produced, depositions taken, expert reports filed, and declarations provided in the Actions in accordance with the provisions of the Protective Order.

6. If any other party to MDL 02542 requests production through mechanisms of any discovery taken in either of the Actions, then the party receiving the request shall notify the other party to the Action within seven (7) days of the request. Once notice is provided, the parties to the Action shall have an additional seven (7) days to object. If there is no objection, the receiving party will make the production subject to the MDL Protective Order. If a party to the Action objects, the receiving party shall not make a production absent a court order or withdrawal of the objection. The parties to the Actions retain all arguments related to the invalidity, untimeliness, or other defects with any request for production, subpoena, or compulsory process.

7. Additional causes of action or defenses are permitted in accordance with Federal Rule of Civil Procedure 15.

8. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure have been made for both Actions.

9. All fact discovery is to be completed no later than June 17, 2022. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the above-referenced deadline for completing fact discovery.

a. Keurig has provided access to Keurig's prior productions in the MDL to BJ's and Winn-Dixie. This production of documents is from 54 custodians and non-custodial sources. The parties recognize that after reviewing the existing discovery record BJ's and Winn-Dixie may seek non-duplicative, non-cumulative discovery uniquely relevant to each of their claims. Keurig reserves the right to object to all such discovery, depending on the nature of the requests.

b. Keurig's Initial Requests for Production of documents to BJ's were served on November 12, 2021, and Keurig's Initial Requests for Production of documents to Winn-Dixie were served on January 11, 2022.

c. The parties to the BJ's Action shall agree upon BJ's custodians, or approach the Court with disagreement, by February 15, 2022. The parties to the Winn-Dixie Action shall agree upon Winn-Dixie custodians, or approach the Court with disagreement, by February 18, 2022.

d. BJ's and Winn-Dixie will begin their rolling production of documents, subject to any objections, for the agreed custodians no later than thirty (30) days following the deadline for agreement on custodians or the Court's resolution of any disagreement on custodians.

e. The parties acknowledge that subsequent Requests for Production may be served, and that the parties will meet and confer in good faith on a reasonable production schedule to the extent that production reasonably before the close of fact discovery is not practicable based on the date of service of the subsequent Requests for Production.

10. Productions are to be made on a regular, rolling basis. See ESI Order ¶ VI.H.3.

11. Interrogatories (except for contention interrogatories) shall be served no later than April 15, 2022.

12. Contention Interrogatories and Requests for Admission shall be served no later than thirty (30) days after the close of fact discovery, and in any event before the filing of any dispositive motion.

13. Depositions of merits witnesses shall commence after February 28, 2022 and be completed by June 10, 2022. There is no priority for depositions by reason of a party's status as a plaintiff or a defendant. Document production must be substantially complete 30 days before any depositions take place.

14. All expert discovery, including disclosures, reports, production of underlying documents, and depositions shall be completed by October 21, 2022.

15. All discovery shall be completed no later than October 21, 2022.

16. The Court will conduct a post-discovery conference on ___October 28, 2022___ at

   a. _____3:00 pm_____. [*To be completed by the Court.*] No later than fourteen (14) days in advance of the conference, the parties are to submit a joint letter updating the Court on the status of the case, including but not limited to whether either party intends to file a dispositive motion and what efforts the parties have made to settle the action.

   b. If any party contemplates filing a dispositive motion, the post-discovery conference will function as a pre-motion conference required by Rule 4.A of the Court's Individual Rules and Practices. Pre-motion letters are to be submitted by _____. [*To be completed by the Court.*]

   c. The parties shall meet and confer concerning any issues related to the authentication and admissibility of evidence before dispositive motions are filed.

   d. If no party contemplates a dispositive motion, the post-discovery conference will function as a pretrial conference at which a trial date will be set.

17. Unless otherwise ordered by the Court, the joint pretrial order and additional submissions required by Rule 6 of the Court's Individual Rules and Practices shall be due 60 days from the close of discovery, or if any dispositive motion is filed, 60 days from the Court's decision on such motion. This case shall be trial ready 120 days from the close of discovery or from the Court's decision on any dispositive motion.

18. Counsel for the parties do not propose an alternative dispute resolution for this case.

19. The length of any trial is yet to be determined.

20. For the sake of efficiency, the parties shall file all documents in this matter on the MDL docket at 1:14-md-02542. The parties need not make duplicate filings at 1:21-CV-7493 and 1:21-CV-7504.

SO ORDERED.

Dated: __February 15, 2022__
New York, New York

_____
Vernon S. Broderick
United States District Judge